F. Bacó Soria & Hermano, Petitioner, *v.* Tax Court of Puerto Rico, Respondent.

No. 4. Argued June 12, 1944.—Decided July 28, 1944.

*J. J. Ortiz Alibrán* and *Oscar Souffront* for petitioner. *Jesús A. González, Acting Attorney General, M. Velázquez Flores,* and *A. D. Marchand Paz, Deputy Attorneys General,* for the intervener, Treasurer of Puerto Rico. *Rafael O. Fernández,* as *amicus curiae.*

Mr. Justice De Jesús deliver the opinion of the court.

The mercantile firm F. Bacó Soria & Hermano appealed to the Court of Tax Appeals of Puerto Rico from a notice of deficiency dated August 6, 1943, corresponding to the years 1936, 1937, 1938, and 1939, and alleged that it filed its income tax return corresponding to the taxable years ending July 12, 1936, 1937, 1938, and 1939, within the statutory term; that the Treasurer levied certain deficiencies resulting from eliminations made by him in the deductions de-

clared by the petitioner, among others, the salaries paid to the partners Carlos and Francisco Bacó Soria, which are fixed as follows: to Carlos Bacó Soria $1,564 as salary for the year 1936, $1,560 for 1937, $1,470 for 1938, and $1,520 for 1939, and to Francisco Bacó Soria $2,742 as salary for 1936, $2,587.50 for 1937, $2,545 for 1938, and $2,587.50 for 1939; and that the Treasurer eliminated from the credits of the petitioner for the year 1939 the profits received from the partnership R. Quezada & Co., amounting to $233.34.

On March 2, 1944, the Tax Court of Puerto Rico rendered its decision dismissing the complaint and we granted the petition of the taxpayer for review thereof.

The questions to be determined in the present proceeding are the following: 1, Is a partnership entitled, pursuant to § 32 of the Income Tax Law of 1924, Laws of 1925, p. 400, as amended by Act No. 30 of April 26, 1932, Regular Session, p. 254, to deduct from its net income reasonable allowances paid to its partners for personal services actually rendered to the firm?; and 2, may the partnership deduct from its net income the amounts received as partnership profits?

 Section 32 of the Income Tax Law of 1924, in its pertinent part, reads as follows:

"(a) In computing the net income of a corporation or partnership subject to the tax imposed by section 28 there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, *including a reasonable allowance for salaries or other compensation for personal services actually rendered,* and including rentals or other payments required to be made as a condition to the continued use or possession of property to which the corporation or partnership has not taken or is not taking title, or in which it has no equity." (Italics ours.)

The administrative practice under this provision was to deduct from the net income of the partnership reasonable allowances paid as salaries to its partners for personal serv-

ices actually rendered. Such practice was in use until Act No. 18 of June 3, 1927 (Laws of 1927, p. 486), amended subdivision (1) of § 32 (a) to read as follows:

"All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensations *to employees* for personal services actually rendered, and including rentals or other payments required to be made as a condition to the continued use or possession of property to which the corporation or partnership has not taken or is not taking title, or in which it has no equity." (Italics ours.)

The amendment had the effect of changing the construction of the Act. After such amendment the words "compensation to employees" were understood as not to include the salaries paid to the partners or to the directors or officers of the corporations, on the ground that they were not employees, and to this effect this court stated:

"By the law of 1925 the deduction for salaries was limited to 'a reasonable allowance for salaries or other compensation for personal services actually rendered.' This, of course, included salaries paid to employees. The purpose of the amendment was to distinguish between the employees and the officers in the case of a corporation and between the employees and the managing partners of a limited partnership. It was to place a further limitation upon the amount of the deduction. The allowance for salaries was limited to those paid to employees. By necessary implication salaries paid to the managing partners of a limited partnership or to the officers of a corporation as such managing partners or officers, were excluded." *Moscoso Hnos. & Co., S. en C.* v. *Domenech, Treas.*, 44 P.R.R. 11, 12.

Five years later the same subdivision was again amended by Act No. 30 of 1932 in such a way that the words "to employees" were stricken out, thus restoring said provision to its original form appearing in the Act of 1925. It is only logical that when the Act resumed its original form the former construction was again applied. *United States* v. *Philbrick*, 120 U.S. 52; *United States* v. *Mo. Pac. R. Co.*,

278 U. S. 269, and the Annotation beginning at 73 L. ed. 322. As soon as Act No. 30 of 1932 became effective, at the beginning of 1933, the administrative rule prevailing from 1925 until the amendment of 1927 was again put in practice, and deductions were granted for reasonable allowance paid to partners for personal services actually rendered. The Governor of Puerto Rico, in his message to the Legislature at its regular session of 1939 acknowledged the existence of such rule, and stated the following:

"There is no reason why a civil partnership, having a net income not exceeding 3,000 dollars should be exempt from the payment of income tax. *By Act No. 30, approved April 26, 1932, civil partnerships are allowed to deduct as an expense of the business, a reasonable amount as partners' salaries.* This change has greatly reduced the income tax paid by partnerships. It seems unjust to grant them also a credit of 3,000 dollars. I recommend that this provision be repealed." (Italic ours.)

The Treasurer relies on *M. J. and S. Cabrero, Sucrs.* v. *Sancho, Treas.*, 58 P.R.R. 535, in order to maintain that even under the amendment of 1932 the partnerships are not entitled to deduct from their net income the reasonable allowances paid to their partners for personal services actually rendered. In that case § 32 was construed as amended by Act No. 18 of 1927 and the question was raised thus:

"Plaintiff-appellant holds that the interpretation given by the defendant and the lower court to subdivision (*a*), paragraph 1, of Section 32 of Act No. 74 of August 6, 1925 (p. 400), as amended by Act No. 18 of June 3, 1927 (p. 486), is mistaken, because the partner to whom a salary is assigned as compensation for his work, receives it, according to the appellant, as a 'partner in the character of an employee' and not as a partner, and that, accepting defendant's interpretation to be correct, the act so construed would be unconstitutional because it establishes a discrimination against partnerships and in favor of corporations.

"The issued thus joined, it seems proper now to copy the legal provision on which the case hinges:

"[Then follows subdivision 1 of § 32(*a*), as amended by the Act of 1927.]"

We admit that we used language which was too broad and which induced the Tax Court of Puerto Rico to err when we said: "in the partnership, contrary to what happens with the stockholder in a corporation, the partner owes to the partnership his work and diligence, and in consequence when he works for the partnership he does it in fulfillment of his duty as partner." It is true that the partner owes to the partnership his work and diligence but only when he is an industrial partner (*socio industrial*) who is bound under a contract to give his service, or when a partner who is bound to furnish a share of the capital under the partnership contract (*socio capitalista*) ·fails to do so. There is no legal reason whatsoever why, after having stricken out the words "to employees," a distinction should be established between corporations and partnerships as to the question under discussion.

Since there is no controversy as to the fairness of the salaries paid to the partners, the petitioner is entitled to deduct from its net income the amount of said salaries.

██ Section 32 relied on by the petitioner in support of its right to deduct from its net income the benefits obtained from the partnership R. Quezada & Co., during the year 1939 reads, in its pertinent part as follows:

"(*a*) In computing the net income of a corporation or partnership subject to the tax imposed by section 28 there shall be allowed as deductions:

"❈ ❈ ❈ ❈ ❈ ❈ ❈

"(6) The amount received as dividends: (A) from a domestic corporation or (B) from any foreign corporation, when it is shown . . ."

The above provision was taken from § 234(*a*)(6) of the Federal Law, which is silent as to partnership profits, but we have no doubt that it was the intention of the lawmaker in Puerto Rico when adopting that Section, to include as deductions the amounts received as partnership profits, for

it will be readily seen, upon an examination of § 45(a)(6) of the Act itself, that in allowing deductions to the insurance companies for partnership profits, reference is made to § 32(a)(6) as if the words "or partnership profits" had been really inserted after the words "any foreign corporation" which appear in subdivision 6 (B) of § 32(a). Accordingly § 45, in its pertinent part, reads thus:

"(a) In computing the net income of an insurance company subject to the tax imposed by section 44 there shall be allowed as deductions:

"* * * * * * *

"(6) The amount received as dividends from corporations or partnership profits as provided in paragraph (6) of subdivision (a) of section 32."

It is evident that the lawmaker, when enacting subdivision 6 of § 45(a), had in mind that the deduction above-referred to had been allowed in § 32(a)(6). From the language of the statute, and more so, from the provisions of § 45(a) and the reference made therein as to what the lawmaker intended to say in § 32(a)(6), it is evident that the omission of the words "or partnership profits" in said § 32 (a)(6) is a clerical error overlooked by the lawmaker, and under such circumstances those words may be supplied by this court. See cases cited in the Annotations published in 3 A.L.R. 404 and 126 A.L.R. 1325.

For the reasons stated the decision appealed from will be reversed and the case remanded to the Tax Court in order that the latter should render a decision allowing the petitioner to make the deductions of the salaries paid to its partners Carlos and Francisco Bacó Soria for the years 1936, 1937, 1938, and 1939, and likewise to deduct from its gross income corresponding to 1939 the amount of $233.34 which it obtained as profits from the partnership R. Quezada & Co.

Mr. Justice Snyder concurs in the ruling as to the right of a partnership to deduct from its gross income a reasonable amount for salaries or other compensation for services actually rendered by the partners; but he dissents from that part of the opinion which relates to the deduction of profits obtained from another partnership.